IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAVANTA CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-483-MHT-SMD |
| | ) (WO) |
| HOUSTON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Houston County Jail, initiated this action on August 7, 2024, by filing a complaint asserting claims under 42 U.S.C. § 1983. Doc. 2. After reviewing Plaintiff's complaint and finding it contained deficiencies, the court determined that Plaintiff should be allowed to file an amended complaint to correct the deficiencies. On September 11, 2024, the court entered an order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions for filing an amended complaint. Doc. 8. Plaintiff was cautioned that his failure to comply with the court's order by September 26, 2024, would result in a Recommendation that his case be dismissed. *Id.* at 3.

To date, Plaintiff has not filed an amended complaint as directed or otherwise complied with the court's order of September 11, 2024. Because Plaintiff has failed to comply with the court's order, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal

for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. *See Mingo*, 864 F.2d at 102. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **October 23, 2024,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the court. This Recommendation is not a final order, and it is therefore not appealable. Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

2

the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

 DONE this 9th day of October, 2024.

       /s/  Stephen M. Doyle
       STEPHEN M. DOYLE
       CHIEF U.S. MAGISTRATE JUDGE